34 F.3d 1065
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ruben Rivera NEGRON, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 94-1177
 United States Court of Appeals,
First Circuit
 August 31, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Carmen Consuelo Cerezo, U.S. District Judge ]
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios Gandara, Assistant United States Attorney, and Nancy B. Salafia, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Claimant, Ruben Rivera-Negron, challenges the denial of disability benefits.
 
 
 2
 Mr. Rivera-Negron worked in various laborer and carpentry jobs for many years in Puerto Rico and New York City. He alleged an onset of disability in November, 1990, due to the after effects of an undisplaced fracture of the big toe on his left foot. He maintained that because of pain he was unable to wear heavy shoes required on construction sites where he had previously worked.
 
 
 3
 The Administrative Law Judge (ALJ) found that "the claimant did not have an impairment or combination of impairments which ... significantly limited his ability to perform basic work-related activities." The ALJ, therefore, terminated the review process at Step 2, or the severity stage, of the five-step sequential inquiry. See Bowen v. Yuckert, 482 U.S. 137 (1987). The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied review. The claimant appealed to the district court, which affirmed the decision of the Secretary. We also affirm.
 
 
 4
 The claimant challenges the ALJ's finding of no severe impairment. In essence, the claimant argues that the ALJ erred in his application of the threshold test of medical severity which was enunciated in McDonald v. Secretary of Health and Human Services, 795 F.2d 1118 (1st Cir. 1986). In McDonald, this court held that the Step 2 severity test is justified as a de minimis screening policy and that the Secretary is not precluded from implementing a threshold test of medical severity to screen out claims that would clearly be disallowed even if vocational factors were considered. Id. at 1121-1126. See also Bowen v. Yuckert, 482 U.S. 137 (1987).
 
 
 5
 The State Insurance Fund concluded claimant had suffered a "[l]oss of 50% of the GPF [general physical functioning] due to a loss of the large toe in the left foot-secondary articulation." However, an examination several months later in July 1991 found no remaining abnormality in the toe, no redness or swelling, and full range of motion. Notwithstanding claimant's complaints of cramps, pain and an inability to tolerate heavy shoes or work boots, the doctor concluded no treatment was merited. The ALJ found claimant unpersuasive regarding his inability to wear heavy shoes, and gave weight to the medical evidence indicating no loss of motion or other signs of abnormality in the toe. In view of the July 1991 medical reports and claimant's sparse treatment history, the ALJ's findings are justified and adequately supported by the record.
 
 
 6
 For the foregoing reasons, we find substantial evidence to support the Secretary's determination that the claimant does not have any impairment or combination of impairments which significantly limits his ability to perform basic work-related activities. We conclude that review was appropriately terminated at the Step 2 severity level. We have considered all of claimant's arguments and have found them to be without merit.
 
 
 7
 Affirmed. See 1st Cir. R. 27.1.